## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BARTLETT ELLIOTT,**

       Plaintiff,

vs.                                        Civ. No. 04-1432 ACT/RHS

**CHRYSLER FINANCIAL,**

       Defendant.

### MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Complaint, filed February 4, 2005. Docket No. 5.  Defendant is seeking an order dismissing Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on the grounds that Plaintiff's Complaint fails to establish a basis for subject matter jurisdiction.

    Plaintiff, proceeding *pro se*, brings this case alleging that Defendant wrongfully repossessed, or wrongfully granted a 'repossessor' authority to take, his vehicle, a Chrysler Voyager 2000 on December 22, 2004.   Complaint, p. 1-2.  In the *pro se* form Complaint completed by the Plaintiff, the form states that "[j]urisdiction is involved pursuant to 28 U.S.C. §1343(3), 42 U.S.C. § 1983." For the following reasons, the court determines that it lacks subject matter jurisdiction over Plaintiff's case, and dismisses the case.

1

Federal courts are courts of limited jurisdiction. *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).  "There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331."  *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

Plaintiff's Complaint fails to establish federal question jurisdiction.  Federal question jurisdiction exists where the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Here, Plaintiff's claim does not arise under federal law.  Plaintiff's claim arises from the repossession of his vehicle.  This is a state law claim.  NMSA 1978 § 55-9-609 (2001).

The form Complaint filed by Plaintiff states that "[j]urisdiction is involved pursuant pursuant to 28 U.S.C. §1343(3), 42 U.S.C. §1983."  Complaint, 2.  To the extent Plaintiff seeks to assert a claim under these statutes, his efforts also fail.  To state a claim under 28 U.S.C. § 1343(3) or 42 U.S.C. § 1983, a plaintiff must assert that a state or local officer acting under color of state law violated a constitutional or other federally protected right. *Montgomery v. City of Ardmore*, 365 F.3d 926 (10th Cir. 2004); *Howard v. State Dep't of Hwys. of Colo.*, 478 F.2d 581 (10th Cir. 1973). Plaintiff does not identify any state actor who deprived him of a constitutional or federal right nor does he identify any action taken under color of state law. Private conduct, "no matter how discriminatory or wrongful," may not be redressed by a claim pursuant to 28 U.S.C. § 1343(3) or 42 U.S.C. § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Kirksey v. Thelig and Chase v. Chrysler Credit Corporation*, 351 F. Supp. 727 (D. Colo. 1972) ("Self help" repossessions are generally held to not be under color of state law.); *Scott v. Hern*, 216 F.3d 897, 906-907 (10th Cir. 2000) ("...the fact that a state procedure...was involved does not render the

actions of private individuals 'state actions'...");

Moreover, Plaintiff has not established diversity jurisdiction. "We examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction. The party asserting jurisdiction must allege facts essential to show jurisdiction." *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). Thus, the complaint must allege that the plaintiff and defendant are citizens of different states and that the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). "Where the pleadings are inadequate, we may review the record to find evidence that diversity exists." *Gaines*, 8 F.3d at 729. Under these standards, Plaintiff did not adequately establish a basis for diversity jurisdiction. It appears that the Defendant is corporation. A corporation is treated as a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiff has made no allegations regarding Defendant's citizenship. The only possible allegation regarding Defendant's citizenship is that he mailed his payments to an address in Wisconsin. Complaint, p. 2. This is insufficient. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir. 2002); *Anniston Soil Pipe Co. v. Central Foundry Co.*, 216 F. Supp. 473 (N.D. Ala 1963) *aff'd* 329 F.2d 313 (5th Cir. 1964).

Plaintiff is seeking damages in the amount of $1,000,000. This appears to be excessive in light of the claim, repossession of a 2000 Chrysler Voyager, and thus not made in good faith. However, the Court does not have sufficient information based on the allegations in the Complaint to state that there is a "legal certainty" that Plaintiff's damages do not meet the jurisdictional amount. *Cabral v. Willard*, 333 F. Supp. 2d 1108 (K. Kan 2004); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283. (1938).

3

Accordingly, this action is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**